UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN I. HOUSE,

                Plaintiff,

-vs-                                                Case No. 2:04-cv-253-FtM-33SPC

CITY OF ARCADIA; BRUCE COLLINS;
MATTHEW ANDERSON; DEBBIE FUGATE;
DELSHAY TURNER; JOSEPHINES OF
DESOTO, INC.; DAVID SHOFFNER; ROSS
HAMRICK,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Defendants City of Arcadia, Bruce Collins, Matthew Anderson, Debbie Fugate and Delshay Turner's Motion for Judgment on the Pleadings (Doc. # 19) filed on January 4, 2005. The Motion was referred by the District Court to the Honorable Sheri Polster Chappell, United States Magistrate Judge, for a Report and Recommendation on April 12, 2005. The Plaintiff filed his response in a timely manner and the Motion is now ripe for review.

      The Plaintiff's Complaint (Doc. # 1) states that on May 15, 2001, he was approached by the Defendants David Shoffner and Ross Hamrick while on the premises at Rattlers Rockin' Country (Rattlers) an establishment owned by the Defendant Josephines of Desoto, Inc. The Plaintiff alleges that he was told that it was Rattlers policy not to allow "your kind" within the premises. The Plaintiff alleges that Shoffner and Hamrick then dragged him to the entrance of the bar and

physically forced him to leave. Several unknown male patrons followed him outside, threatened him, and chased him around the parking lot. The Plaintiff then ran back into the rear entrance of Rattlers and asked Shoffner and Hamrick to either call him a cab or the police. The Defendants refused and again restated Rattler's policy that homosexuals were not allowed on the premises and physically attempted to removed him through the front entrance. The Plaintiff states that he resisted the forced removal and that Shoffner and Hamrick began to beat and kick him until he lay unconscious in the doorway.

Defendant Sergeant Delshay Turner of the Arcadia Police Department arrived and dispersed the crowd. The Plaintiff alleges that several onlookers and friends of the Plaintiff tried to give a statement of the events but Sgt. Turner told them to move away. The Plaintiff was subsequently transported to a hospital and was treated for his wounds.

The Plaintiff alleges that Sgt. Turner negligently refused to hear the account of events of the evening because of his sexual orientation. He further asserts that no investigation occurred subsequent to that evening due to his sexual orientation. Several weeks later the Plaintiff was informed by Defendants Debbie Fulgate and Matthew Anderson that no one had been assigned to the investigation and that the matter was closed.

Pursuant to 42 U.S.C. § 1983, the Plaintiff brought the current action against the City of Arcadia (Counts I & II), Bruce Collins as Town Marshal and Chief of the Arcadia Police Department (APD) (Count III), Matthew Anderson individually and in his position as Captain of the APD (Count IV), Debbie Fulgate individually and in her capacity as an investigator with the APD (Count V), Delshay Turner individually and in his capacity as a Police Officer for the APD (Count VI) (collectively the Law Enforcement Defendants) alleging his rights were deprived under the United

States Constitution, the Florida Constitution, the Common Law, and the statutes and regulations of the State of Florida due to his sexual orientation.

The Law Enforcement Defendants move for judgment on the pleadings stating that the allegations contained in the Complaint fail to establish a case or controversy sufficient to satisfy the threshold for standing in this Court. Namely, that the Plaintiff lacks standing to bring injunctive relief and that the Plaintiff has failed to assert standing with respect to his claim for damages.

The Federal Rules allow the Court to make a judgement on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). Rule 12 reads in pertinent part:

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Fed. R. Civ. P. 1(c). Courts should apply a fairly restrictive standard in ruling on motions for judgment on the pleadings. Budget Rent A Car Systems, Inc. v. Hirsch, 810 F. Supp. 1253, 1255 (S.D. Fla. 1992)   Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law. Mergens v. Dreyfoos, 166 F.3d 1114, 1117 (11th Cir. 1999). When reviewing judgment on the pleadings, the Court must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. Id.

*<u>(1) Whether the Complaint Fails to Establish a Case or Controversy Sufficient to Satisfy the Threshold for Standing Regarding Injunctive Relief</u>*

Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges– a real and immediate– as opposed to a merely conjectural or hypothetical threat of future injury. <u>Miller v. King</u>, 384 F.3d 1248, 1263 n. 14 (11th Cir. 2004). There are three prerequisites for standing. <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1265 (11th Cir. 2003) (citing <u>Bennet v. Spear</u>, 520 U.S. 154, 162, 117 S. Ct. 1154, 1161, 137 L. Ed. 2d 281 (1997). First, the plaintiff must have suffered "an injury in fact"– an invasion of judicially cognizable interest– which is (a) concrete and particularized, and (b) actual or imminent injury, not conjectural or hypothetical. <u>31 Foster Children v. Bush</u>, 329 F.3d at 1265. Second, there must be a causal connection between that injury and the conduct complained of– the injury must be fairly traceable to the challenged action of the defendant– and not the result of the independent action of some third party not before the court. <u>Id.</u> And finally, the injury must not be merely speculative, and further that the injury will be redressed by a favorable decision. <u>Id.</u> These three considerations constitute the core of Article III court's case or controversy requirements. <u>Id.</u> (citing <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 103-104, 118 S. Ct. 1003, 1017, 140 L. Ed. 2d 210 (1998).

The Plaintiff bears the burden of establishing each of the three standing elements. <u>Bennet</u>, 520 U.S. at 167-168. The complaint must allege the relevant facts with some specificity. <u>Id.</u> More than mere conclusory notice pleading is required and further a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. <u>Id.</u> (citing <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-557 (11th Cir. 1984)).

### *Counts I & II*

In this case, the Plaintiff's complaint alleges that the City of Arcidia (Counts I & II) has in place a policy, custom, and/or practice to discriminate against homosexuals by not providing them equal protection under the law. For the purposes of this Motion, the Court must take this allegation in the light most favorable to the Plaintiff. Mergens, 166 F.3d at 1117.

In order to satisfy the "injury in fact" requirement of standing, a plaintiff need not wait for an injury to occur. 31 Foster Children v. Bush, 329 F.3d at 1265. An allegation of future injury satisfies this prong of standing so long as the alleged injury is "imminent" or "real and immediate" and not merely "conjectural" or "hypothetical." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). An injury is imminent if it is likely to occur and likely to do so immediately. 31 Foster Children v. Bush, 329 F.3d at 1265.

In this case, the Plaintiff's allegation is merely conjectural. His sole argument is based upon the fact that the APD did not find sufficient cause to continue to investigate the incident that occurred at Rattlers on the night in question. The Plaintiff presents no further factual basis or allegation to establish that the City of Arcadia has a widespread policy, custom or practice in place that forces the APD to discriminate against individuals based upon their sexual orientation. The Plaintiff has not shown by the single allegation in his Complaint that the City nor the APD are likely to injure him within the immediate future. When a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to seek protective relief even if he has suffered a past injury. Id. Consequently, the Court respectfully recommends that the Defendants' Motion for Judgment on the pleadings regarding counts I & II against the City of Arcadia should be granted.

*Counts III & IV*

In examining the factual allegations in the Complaint against the supervising officers, the Court must keep in mind that there is a heightened pleading requirement for civil rights cases against officers in the Eleventh Circuit. Gonzalez v. Reno, 325 F.3d 1228, 1234-1236 (11th Cir. 2003). Under that standard, the Plaintiff fails to specify how Bruce Collins as Town Marshal and Chief of the Arcadia Police Department (APD) (Count III), and Matthew Anderson individually and in his position as Captain of the APD (Count IV), knew or should have known that the City of Arcadia and its police force failed to protect and or investigate crimes against homosexuals.

Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions that created the constitutional violation. Gonzalez, 325 F.3d at 1234 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Miller, 384 F.3d at1261; Gonzalez, 325 F.3d at 1234. A causal connection can also be established, when the supervisor's custom or policy results in deliberate indifference to a constitutional right. Miller, 384 F.3d at1261. And finally, a causal connection can be established by facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them. Id. *See* Post v. City of Fort Lauderdale, 7 F.3d 1552, 1561 (11th Cir. 1993) (finding no supervisory liability in the absence of such an inference). Thus, the Eleventh Circuit is clear that a causal connection can be established only when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Gonzalez, 325 F.3d at 1234

The allegation found in the Plaintiff's Complaint is a mere conclusion drawn upon one instance without sufficient facts to support the claim. The Plaintiff alleges that, Marshal Collins, and Capt. Anderson knew or should have known that their subordinates did not investigate crimes against homosexuals. However, the Plaintiff did not provide any factual basis to support such a claim. In order to establish the supervisors causal connection to the alleged violation, the Complaint must allege the relevant facts with some specificity because more than mere notice pleading is required in a § 1983 case against the supervisors. Gonzalez, 325 F.3d at 1235.

Thus, based upon the allegation in the Plaintiff's Complaint, he failed to establish any causal link that Marshal Collins, or Capt. Anderson had a widespread custom or practice to violate the civil rights of individuals based upon their sexual orientation. The Plaintiff's single allegation is vague and based upon his own conclusion that Marshal Collins, and Capt. Anderson have a policy, custom, or practice of not investigating crimes against homosexuals. See Id. at 1235 (holding that where the allegations are vague and conclusory the complaint will be dismissed). As a result, the Plaintiff fails to meet the heightened pleading requirement needed to establish a civil rights action pursuant to § 1983. The Court respectfully recommends the judgment on the pleading is due to be granted.

### *Counts V & VI*

Regarding Investigator Fulgate and Sergeant Delshay Turner, the same heightened pleading standard applies. Gonzalez, 325 F.3d 1234-1236. Thus, in order to survive the judgment on the pleadings, a § 1983 complaint must allege the relevant facts with some specificity rather than present mere conclusory allegations. Id.

In Gonzalez, the Eleventh Circuit held that the defense of qualified immunity completely protected government officials from suit in their individual capacity unless their conduct violated

clearly established statutory or constitutional rights of which a reasonable person should have known at the time of the violation.[1] Id.  Additionally, the Court notes that an officers conduct is generally accorded a presumption of legitimacy. United States Department of State v. Ray, 502 U.S. 164, 179, 112 S. Ct. 541, 116 L. Ed. 2d 526 (1991).

When Sgt. Turner arrived at Rattlers, the Plaintiff was apparently unconscious and lying on the floor, however, even if the Plaintiff was alert at the time Sgt. Turner arrived at Rattlers, the same analysis applies.  While he was trying to perform his official responsibilities as an officer, Sgt. Turner told onlookers and friends of the Plaintiff who approached him at the scene, to merely step away. No factual basis is presented in the Complaint to give a reasonable person an indication that Sgt. Turner knew the Plaintiff's sexual orientation and was ordering people away from the scene to prevent them from providing information.  To determine that Sgt. Turner knew or should have known the Plaintiff's sexual orientation simply because he answered a dispatch to proceed to Rattlers and refused to speak with bystanders while working a potential crime scene is too vague and

---

[1]   While the Defendants did not raise the affirmative defense of qualified immunity the Court may *sua sponte* raise the issue when addressing a motion pursuant to Fed. R. Civ. P. 12(c). Byrne v. Nezhat, 261 F.3d 1075, 1127 (11th Cir. 2001); Flora v. Home Federal Savings & Loan Ass'n., 685 F.2d (7th Cir. 1982)(holding that a district court may *sua sponte* issue a judgment on the pleadings  pursuant to Fed. R. Civ. P. 12(c)). In Byrne v. Nezhat, the Eleventh Circuit held that the Court can address *sua sponte* an issue not raised by either party in their memoranda of law. 261 F.3d at 1127.  The only requirement was that the Court gave the plaintiff notice that the complaint's sufficiency was being questioned by the defendant. Id.  Given the fact the Defendant has filed a Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings and the Plaintiff has responded to the Motion, the Court may assume that the Plaintiff is aware that the sufficiency of the Complaint is being challenged. Id. Thus, in the interest of judicial economy the Court will *sua sponte* consider the effect of qualified immunity on the Plaintiff's Complaint.

conclusory to stand up to the Eleventh Circuit's heightened pleading standard for § 1983 claims against officials.

The same analysis holds true for Inv. Fulgate. Without more, the Court must assume that Inv. Fulgate acted in a legitimate manner. Ray, 502 U.S. at 179. The Complaint merely alleges that Inv. Fulgate closed the investigation of the incident at Rattlers because of the Plaintiff's sexual orientation. In a § 1983 case against a public official that can claim qualified immunity, such as Inv. Fulgate, the complaint must allege the relevant facts with more specificity than required under mere conclusory notice pleadings. Gonzalez, 325 F.3d at 1235. This is particularly true where the defense of qualified immunity is available to the Defendants. Id. Thus, based upon the Eleventh Circuit's heightened pleading requirement in § 1983 cases, the Plaintiff fails to assert a proper claim against either Inv. Fulgate or Sgt. Turner that would demonstrate a causal connection between the officers and the alleged discrimination.

Regarding Inv. Fulgate and Sgt. Turner's official capacities, in order to have standing in an Article III Court, the Plaintiff must present more than conclusory allegations. An allegation of future injury satisfies this prong of standing so long as the alleged injury is "imminent" or "real and immediate" and not merely "conjectural" or "hypothetical." 31 Foster Children v. Bush, 329 F.3d at 1265. Again, the Plaintiff has not shown by the single conclusory allegation in his Complaint that Inv. Fulgate and Sgt. Turner are likely to injure him within the immediate future. When a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to seek protective relief even if he has suffered a past injury. Gonzalez, 325 F.3d at 1235. Thus, it is respectfully recommended the Motion for Judgment on the Pleadings against all of the Law Enforcement Defendants in their official capacities should be granted.

### *(2) Whether the Plaintiff Failed to Assert Standing with Respect to His Claim of Compensatory Damages*

Compensatory damages are those damages that will compensate an injured party for the injury sustained and nothing more, such as will simply make good or replace the loss caused by the wrong or injury. McMillan v. F.D.I.C., 81 F.3d 1041, 1055 (11th Cir. 1996). The standard for determining compensatory damages is the same as determining standing for the Court's case or controversy requirements.

In regards to the City of Arcadia and the officers sued in their official capacities, a § 1983 claim may be brought only for injunctive relief. Miller, 384 F.3d 1260. Thus, the City of Arcadia and the Law Enforcement Defendants, cannot be sued for compensatory damages. Id. Since the Court has recommended that the Motion be granted in regards to the officers in their individual capacities, there exists no remaining grounds for compensatory damages.

As a result, the Plaintiff's only viable claims for compensatory damages are the remaining state law claims against Josephines of Desoto County, Inc. and the civil law claim based upon Florida's Hate Crimes Law Fla. Stat. § 755.085(2).

### *(3) Whether the Court Should Exercise Supplemental Jurisdiction Over the Remaining State Court Charges*

While these charges were not brought in regards to the Law Enforcement Defendants Motion for Judgment on the Pleadings, the Plaintiff also filed charges against Josephines of Desoto, Inc. d/b/a Rattlers Rockin' Country for negligence(Count VII), Claims of Vicarious Liability via *Respondeat Superior* against Josephines of Desoto, Inc. (Count VIII), claims of assault and battery against David Shoffner (Counts IX & X), and claims of assault and battery against Ross Hamrick (Counts XI & XII).

Under Fed. R. Civ. P. 12(h)(3), the trial court may raise an objection to subject matter jurisdiction on its own initiative. Insurance Corp. Of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982); Blue Cross & Blue Shield of Alabama v. Saunders, 138 F.3d 1347, 1351-1352 (11th Cir. 1998). Since the Law Enforcement Defendants did not raise the State Law claims in their Motion for Judgment on the Pleadings, the Court will raise the issue of Supplemental Jurisdiction *sua sponte*.

The Federal Court may exercise supplemental jurisdiction over state law claims that arise out of the same case and controversy as the federal subject matter claim. 28 U.S.C. § 1367(a). The statute reads in pertinent part:

> [e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in civil action of which the district courts have original jurisdiction over all other claims that are related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III if the United States Constitution.

28 U.S.C. § 1367(a). However, the District Court may dismiss underlying state law claims in cases where it has dismissed all claims in which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the Court has found that the Plaintiff has failed to establish standing and/or failed to meet the heightened pleading requirements needed to establish a § 1983 claim in the Eleventh Circuit, it is respectfully recommended that the Court exercise its discretion pursuant to 28 U.S.C. § 1367(c)(3) and dismiss counts VII, VIII, IX, X, XI & XII without prejudice.

Accordingly, it is now

**RECOMMENDED:**

The Defendants City of Arcadia, Bruce Collins, Matthew Anderson, Debbie Fugate and Delshay Turner's Motion for Judgment on the Pleadings  (Doc. # 19) should be **GRANTED.**

Furthermore, it is respectfully recommended that the underlying State law claims be **DISMISSED** without prejudice for lack of supplemental jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this __5th__ day of May, 2005.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record
DCCD